# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **DENVER FENTON ALLEN,** | : | |
| Petitioner, | : | |
| VS. | : | NO. 5:25-cv-216-TES-CHW |
| Warden **JOE WILLIAMS,** | : | |
| Respondent. | : | |

## ORDER

Pro se Petitioner Denver Fenton Allen, a prisoner incarcerated in the Special Management Unit at the Georgia Diagnostic & Classification Prison in Jackson, Georgia, filed a 28 U.S.C. § 2241 petition. ECF No. 1. He did not pay the filing fee or move to proceed *in forma pauperis*. If Petitioner wishes to proceed with this action, he must either pay the $5.00 filing fee or submit a motion to proceed *in forma pauperis*. Any request to proceed without payment of the filing fee must include a current "certificate from the warden or other appropriate officer . . . showing the amount of money . . . that the [P]etitioner has in any account in the institution." R. 3, Rules Governing § 2254 Cases.

Petitioner indicates he is a pretrial detainee, a convicted prisoner, and an immigration detainee. ECF No. 1 at 1, 3. Petitioner is a convicted state prisoner. He is currently serving a sentence of life without the possibility of parole following his conviction for murder in the Superior Court of Floyd County on December 12, 2017. ECF

No. 1 at 1. If Petitioner wishes to file a habeas petition challenging this 2017 Floyd County murder conviction, he must file a 28 U.S.C. § 2254 petition, not a 28 U.S.C. § 2241 petition.

Petitioner indicates that he has a second murder charge pending against him currently in the Superior Court of Lowndes County. ECF No. 1 at 1. Much of his petition is illegible, but it does not appear that Petitioner is raising claims related to these pending charges. To any extent that Petitioner is attempting to raise claims regarding his pending murder charge, he must exhaust state court remedies before raising the claims in federal court. *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015) (holding that courts reviewing §2241 petitions may not "disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense"). Moreover, Petitioner may not raise claims related to his 2017 Floyd County murder conviction and claims related to his pending Lowndes County murder charges in the same petition. Thus, to any extent that Petitioner is attempting to raise claims related to his pending Lowndes County murder charge, he must file a recast 28 U.S.C. § 2241 petition in which he raises exhausted claims related only to the pending charges.

Petitioner states he "was born in Sicily, Italy" and is an "illegal immigrant with false papers [and] citizenship." ECF No. 1 at 3. He acknowledges, however, that he is "not charged or held for imm[igration]," but has been "brutalized by cops at several facilities" because he is an immigrant. *Id*. at 7. Thus, Petitioner is not an immigration detainee and may not file a petition challenging his detention as such. Petitioner's claim that he has been "brutalized by cops" cannot be raised in either a § 2241 or § 2254 petition. Instead,

Petitioner would have to file a 42 U.S.C. § 1983 actions to raise such a claim.

In conclusion, it is **ORDERED** that within **FOURTEEN (14) DAYS** from the date shown on this Order, Petitioner pay the $5.00 filing fee or move to proceed *in forma pauperis*, which motion must include a current "certificate from the warden or other appropriate officer . . . showing the amount of money . . . that the [P]etitioner has in any account in the institution." R. 3, Rules Governing § 2254 Cases.  If Petitioner wishes to raise claims related to his 2017 Floyd County murder conviction, it is **ORDERED** that within **FOURTEEN (14) DAYS** he complete the enclosed 28 U.S.C. § 2254 petition.  It is further **ORDERED** that should he file a § 2254 petition, he must include **ONLY** claims related to his 2017 Floyd County murder conviction; do not include any claims related to any other pending charges. If Petitioner wishes to raise claims related to the murder charge pending against him in Lowndes County, it is **ORDERED** that within **FOURTEEN (14) DAYS** he complete the enclosed 28 U.S.C. § 2241 petition.  It is further **ORDERED** that he include claims related **ONLY** to the pending Lowndes County murder charges; do not include any claims related to the Floyd County murder conviction.

Regardless of whether Petitioner files the § 2254 or § 2241 petition, Petitioner must complete the petition in full.  He may attach additional pages, if necessary, but the **total number of pages** (this means the petition and any attached pages together) should equal no more than twenty (20) pages.  Petitioner **MUST WRITE LEGIBLY**.  If the Court cannot read the petition, it will be dismissed.[1]  Additionally, should Petitioner fail to

---

[1] During the last thirty days, Petitioner filed numerous civil actions in this Court. *Allen v. World Class Action All Seven Continents*, 5:25-cv-186-TES-AGH (M.D. Ga. May 6,

respond in a timely manner or fail to follow the instructions in this Order, the petition will be dismissed.

The Clerk of Court is **DIRECTED** to forward to Petitioner the necessary *in forma pauperis* forms, a 28 U.S.C. § 2241 petition, and a 28 U.S.C. § 2254 petition (all showing this civil action number)[2] along with a copy of his Order.

**SO ORDERED**, this 4th day of June, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

---

2025); *Allen v. All 7 Continents World Class*, 5:25-cv-187-TES-CHW May 6, 2025); *Allen v. Rowles*, 5:25-cv-204-TES-CHW (M.D. Ga. May 15, 2025); *Allen v. World Health Organization*, 5:25-cv-206-TES-CHW (M.D. Ga. May 15, 2025); *Allen v. World Health Organization*, 5:25-cv-207-TES-CHW (M.D. Ga. May 15, 2025); *Allen v. Brown*, 5:25-cv-208-TES-CHW (M.D. Ga. May 15, 2025); *Allen v. Jackson State Prison*, 5:25-cv-00209-TES-CHW (M.D. Ga. May 15, 2025); *Allen v. World Health Organization*, 5:25-cv-211-TES-CHW (M.D. Ga. May 15, 2025); *Allen v. Williams*, 5:25-cv-213-TES-CHW (M.D. Ga. May 15, 2025). These complaints were, for the most part, illegible. The Court warned Petitioner that "[a] complaint [which] cannot be clearly read is subject to dismissal." *Allen v. All 7 Continents World Class*, 5:25-cv-187-TES-CHW, ECF No. 3 at 3 (M.D. Ga. May 7, 2025) (order dismissing complaint and stating that "much of Plaintiff's complaint is illegible and indecipherable gibberish"). The Court reminds Petitioner that the same is true for any recast § 2241 petition or § 2254 petition that he files. If the Court cannot read the petition, it will be dismissed.

[22] If Petitioner returns both forms and they are docketed in this action, the Court will order that a new civil action be opened at that time if necessary.